**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURDEEP SINGH KATTAURA, | No. 12-70349 |
| Petitioner, | Agency No. A040-362-086 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Gurdeep Singh Kattaura, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the removal order of an immigration judge ("IJ"). We dismiss the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the agency's removal order because Kattaura's admissions before the IJ establish that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) due to his conviction for possession for sale of a controlled substance under California Health & Safety Code § 11378. *See* 8 U.S.C. § 1252(a)(2)(C) (eliminating appellate jurisdiction to review removal orders predicated on aggravated felonies); *see also Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir. 2011) (per curiam) (holding that a petitioner's pleading-stage admissions and concessions may be sufficient to establish removability). Kattaura's claim that he did not receive the same treatment as another alien with the same conviction is not sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, the alleged violation need not be substantial, but the claim must have some possible validity." (citation and internal quotation marks omitted)).

We also lack jurisdiction to consider Kattaura's claim that the IJ failed to timely provide him with copies of the record relating to his conviction, because he failed to exhaust this claim before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We deny Kattaura's request to supplement the administrative record.  *See*

8 U.S.C. § 1252(b)(4)(A).

**PETITION FOR REVIEW DISMISSED.**